UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK L. MASSENBURG,<br>Petitioner | CIVIL ACTION NO. 1:17-CV-776-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Derrick Lamont Massenburg. ("Massenburg") (#23774-056). Massenburg is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Massenburg challenges his conviction and sentence imposed in the United States District Court for the Eastern District of North Carolina.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.   Background

Following a guilty plea, Massenburg was convicted of conspiracy to commit armed bank robbery, armed bank robbery, carrying a firearm during a crime of violence, and escape. Massenburg was sentenced to 363 months of imprisonment. United States v. Massenburg, 383 F. App'x 371, 372 (4th Cir. 2010). Massenburg's conviction and sentence were affirmed on appeal. Id. The United States Supreme

Court denied Massenburg's petition for writ of certiorari. Massenburg v. United States, 562 U.S. 1097 (2010).

Massenburg filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied. Massenburg v. United States, No. 5:08-CR-92, 2012 WL 777101, at *4 (E.D.N.C. Mar. 7, 2012).

Massenburg filed another § 2255 motion in the district court, along with a motion for authorization in the Fourth Circuit Court of Appeals. Massenburg sought relief under Johnson v. United States, 135 S.Ct. 2551 (2015) (declaring residual clause of Armed Career Criminal Act unconstitutionally vague). In denying authorization, the appellate court noted that, even after Johnson, Massenburg's armed bank robbery conviction remained a crime of violence under 18 U.S.C. § 924(c)(3) (2012). (Case No. 16-9449 4th Cir.; Doc. 8, citing United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016)). After the appellate court denied authorization, the district court dismissed the § 2255 motion for lack of jurisdiction. (Doc. 5:08-cr-0092; Doc. 149).

Massenburg filed the § 2241 petition before this Court arguing that his sentence is unconstitutional under Mathis v. United States, 136 S.Ct. 2243 (2016).

## II. Law and Analysis

Massenburg seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241

if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. A petitioner must demonstrate that: (1) his claims are based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

Massenburg seeks to proceed under Mathis. However, Massenburg has not shown that Mathis—which was a direct appeal of a sentence—sets forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (Mathis has not been declared

3

retroactive by the Supreme Court); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule).

In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

Massenburg has not identified a Supreme Court case setting forth a new rule of constitutional law that has been made retroactive to cases on collateral review. Thus, he cannot meet the requirements of the savings clause.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Massenburg's § 2241 petition be DENIED and DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __17th__ day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge